IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joseph Golson,<br><br>    Plaintiff<br><br>v.<br><br>Lt. Mamie Thomas Yeldell and Officer Bobby Lou New,<br><br>    Defendants. | C/A. No. 4:18-415-CMC<br><br><br>**Opinion and Order** |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs. ECF No. 1. On July 13, 2018, Defendants filed a motion for summary judgment. ECF No. 25. A *Roseboro* Order was mailed to Plaintiff on July 16, 2018, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 26. After two extensions, Plaintiff filed a response in opposition to the summary judgment motion on September 19, 2018. ECF No. 37. On September 25, 2018, Defendants filed a reply to Plaintiff's response in opposition. ECF No. 40.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 25, 2019, the Magistrate Judge issued a Report recommending Defendants' summary judgment motion be granted. ECF No. 45. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections within the time allowed, and the court entered summary judgment for Defendants and

dismissed the case. ECF Nos. 49, 50. However, on March 4, 2019, Plaintiff filed a notice of change of address (ECF No. 53) and motion for extension of time to file objections (ECF No. 54). He explained he was moved to a new institution and the Report was sent to his previous institution, where they held it "for over a month." *Id.* Therefore, he was unable to file objections within the given time. The court vacated its opinion and granted Plaintiff's motion for extension of time. ECF No. 55. Plaintiff timely filed objections on March 18, 2019.[1] ECF No. 58. Defendants filed a reply on March 29, 2019. ECF No. 61.

1. **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

---

[1] Plaintiff also filed a motion for appointment of counsel. ECF No. 62. However, as noted by Plaintiff, appointment of counsel "should be allowed only in exceptional cases." *Id.* (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975)). This is not such a case. Plaintiff's motion for appointment of counsel is denied.

## 2. Discussion

The Magistrate Judge recommends granting summary judgment to Defendants on both of Plaintiff's claims of deliberate indifference to his safety and his medical needs. ECF No. 45 at 6-11. As to the safety claim, the Magistrate Judge found Plaintiff failed to establish he sustained a serious or significant injury as a result of his fall, and failed to establish Defendants "wantonly and obdurately" failed to take precautions for his safety. *Id.* at 7, 9 (citing *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987)). As to the medical needs claim, the Report found these Defendants are non-medical prison personnel who were not personally involved in denying treatment, deliberately interfered with treatment, or indifferent to a physician's misconduct. *Id.* at 9 (citing *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990)).

Plaintiff has also filed motions to add Doctor John B. McRee, in his individual capacity as a Doctor at McCormick Correctional Institution, as a Defendant. ECF Nos. 19, 20. These motions were denied by the Magistrate Judge (ECF No. 46), who explained in the Report Plaintiff's proposed amendment would be futile because "Plaintiff cannot present sufficient evidence to withstand summary judgment as to a claim against McRee." ECF No. 45 at 10. The Report found Plaintiff is unable to show he had a serious medical need or that McRee acted with deliberate indifference to that need, as Plaintiff was seen by medical staff immediately after the fall and does not assert his complaints were untreated. *Id.* at 10.

Plaintiff's objections to the Report contain several pages of legal type jargon discussing liability, qualified immunity, the summary judgment standard, and the Fourteenth Amendment. ECF No. 58 at 3, 5, 10, 11, and 13. However, Plaintiff also presents several specific objections to the Report, asserting there are genuine issues of material fact. First, he argues there was no stepstool in the van, and only one officer, who was holding an umbrella and told him to get into

the van, was outside with him. *Id.* at 6. He contends two officers should have accompanied him per SCDC policy, and should have stayed with him until he was secured in a seat in the van. *Id.* He asserts it was a "tactical decision" to tell him to get into the van with no assistance, or was the result of a failure to train SCDC employees.[2] *Id.* at 7. Plaintiff objects to the Report stating he refused medical care on the day of the fall, as he contends "not at any time did I refuse medical care." *Id.* at 7. He also notes Officer Yeldell did not come outside immediately, as Defendant was "sitting there in the rain and the water for some time, in leg irons and belly chains." *Id.* He argues he did not have "daily access to medical staff" for his insulin, and contends he "requested to see medical staff (7) days after the fall" but was not allowed to go to medical. *Id.* at 8. He contends there are genuine issues of material fact and requests the case proceed to trial. *Id.* at 9.

In their reply, Defendants note Plaintiff provides no evidence of violations of policy which he alleges, and even if he could, policy violations alone cannot be the basis for a constitutional claim. ECF No. 61 at 1. They also agree the Report shows Plaintiff has failed to make out a claim for deliberate indifference to safety and medical needs. *Id.* at 1-2. They request the court deny Plaintiff's objections and grant summary judgment. *Id.* at 2.

    *a. Claims against Yeldell and New*

The court finds Plaintiff's objections regarding Defendants Yeldell and New unavailing. Plaintiff complains of violations of policy and/or a failure to train in his objections; however, these allegations, even if proven, would not support a claim for deliberate indifference under § 1983. *See Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high

---

[2] The court notes Plaintiff did not allege a claim based on failure to train in his Complaint (*see* ECF No. 1), and has not provided any evidence of SCDC policies he alleges were violated.

4

standard – a showing of mere negligence will not meet it."). Although Plaintiffs alleges Defendant Yeldell "failed to act reasonably"[3] and Defendant New "knew or should have known that it was a risk to my health and safety" (ECF No. 37 at 3), this alleges negligence on the part of Defendants – not deliberate indifference. The court agrees Plaintiff has failed to provide evidence Defendants were deliberately indifferent to his safety, *i.e.*, that they "wantonly and obdurately" failed to take precautions for his safety in deliberate indifference "to a specific known risk of harm." *Ruefly*, 825 F.2d at 793.

In addition, the court agrees Plaintiff has failed to show the officers were deliberately indifferent to his medical needs after the fall. It is undisputed Defendants took Plaintiff to medical after his fall and received medical clearance for transport, as well as dry clothes.[4] Although the officers ultimately were unable to take Plaintiff to his off-site appointment because they would not arrive on time, there is no evidence he requested medical care upon their return or any allegations he had a visible or noticeable injury such that he appeared to require care. There are no allegations Defendants Yeldell or New were involved with Plaintiff or his care after the attempted transfer and thus cannot be held liable for any actions after that day – February 24, 2015.

For the reasons above, summary judgment is granted on Plaintiffs claims as to Officers Yeldell and New, and the claims are dismissed with prejudice.

---

[3] Although Plaintiff alleges Defendant Yeldell "knew [he] fell before and knows of this risk," he also notes she "was not present on February 24, 2015 when I fell." ECF No. 37 at 8.

[4] Plaintiff's assertion he "never refused medical" in his objections does not undercut this point, as he was taken to medical regardless of whether he attempted to refuse or not.

5

### b. *Claims of Deliberate Indifference to Medical Needs after February 24, 2015*

The Report also discusses Plaintiff's medical care in the months following the fall and recommends summary judgment as Plaintiff "fails to show his constitutional rights were violated with respect to the medical treatment he received." ECF No. 45 at 11. However, the Report also notes the doctor at McCormick, Dr. McRee, is not a defendant in this action. Plaintiff made a motion to amend the complaint (ECF No. 19) and a motion to amend the caption (ECF No. 38)[5], both of which sought to add Dr. McRee as a Defendant. However, the Magistrate Judge denied these motions to amend, and Plaintiff did not file objections to that order or appeal it to the District Court. Moreover, the Report addressed in detail the reasons adding Dr. McRee was futile and Plaintiff's objections do not address this point. Therefore, Dr. McRee is not a party to this action, and thus his conduct is not the subject of any of Plaintiff's claims.

### 3. **Conclusion**

After reviewing the complaint, the motion, the applicable law, the record, the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, and Defendants' reply, the court agrees with the conclusions of the Report. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as modified and incorporated by reference. Defendants' motion for summary judgment (ECF No. 25) is granted, and this matter is dismissed with prejudice.

**IT IS SO ORDERED**.

    s/Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    Senior United States District Judge

Columbia, South Carolina
April 5, 2019

---

[5] The motion to amend caption also requested to reflect the Defendants were sued in their individual capacity. *Id.*